*E. A. Douthitt* for the motion.

*C. H. Olson* contra.

---

## K. YAMAMOTO *v.* YOSHIMASU SAKURAI.

APPEAL FROM DISTRICT MAGISTRATE OF WAILUKU.

ARGUED NOVEMBER 6, 1911.          DECIDED NOVEMBER 14, 1911.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

EXECUTION—*sheriff's sale upon defective notices.*

Where a sheriff levies upon and sells property under a writ of execution upon defective notice, and the judgment debtor, having the opportunity to object, does not object until twenty-three days after the property is sold, the sale is valid.

OPINION OF THE COURT BY DE BOLT, J.

This is an appeal by the defendant from a decision of the district magistrate of Wailuku on the point of law "that the district magistrate erred in overruling the defendant's motion to vacate and set aside the sheriff's sale" held under a writ of execution issued by the magistrate in the above entitled action. This appeal was first brought to our notice by the plaintiff's motion to dismiss. *Ante,* 657. The appeal is now before us

on its merits. The motion was filed September 11, 1911, the grounds of which, in substance, were, that the notices of sale were fatally irregular and misleading, in that they purported to relate to and deal with an execution issued out of the district court in and for the county of Maui, on July 20, 1911, instead of an execution issued by the district magistrate of Wailuku, on June 20, 1911; that the officer executing the writ did not pursue the directions therein contained by advertising the property for thirty days, but sold it after advertising for nineteen days; that by reason of the fatal and gross irregularities in the advertisement and sale, the prices realized were disproportionate to the value of the property sold; that the levy made on July 28, 1911, was not justified in law, in that $20 paid by the defendant to the deputy sheriff on account of the execution staid the writ until August, 1911.

The defendant filed his affidavit in support of the motion. The plaintiff did not dispute the facts as stated in the defendant's affidavit. The motion, therefore, was heard by the district magistrate on the defendant's affidavit alone, which established the following facts, namely: That on June 10, 1911, the district magistrate rendered judgment in favor of the plaintiff and against the defendant for the sum of $142.48; that on June 20, the writ of execution was duly issued; that on July 18, the defendant paid to the deputy sheriff on account of the execution the sum of $20—giving the defendant "until August, 1911," to pay the balance; that on July 28, the deputy sheriff returned the $20 to the defendant and thereupon closed up the defendant's store and took "charge" of the goods and other personal property therein; that the deputy sheriff advertised the property for sale, the notices of sale purporting to show that the advertisement was begun on July 20, whereas, in fact, the notices were not posted up until July 31; that the sale was advertised to take place on August 19, at 3 o'clock P. M., on which date the sale was held, realizing the sum of $144.70; that the price realized was disproportionate to the

value of the property, which was reasonably worth the sum of $285; that the sale commenced at 3 o'clock P. M., when most people were at work; that the defendant was unable to state who were the purchasers at the sale; that no notice of the levy and intended sale was posted on defendant's premises so as to advise his friends that the property was to be sold; that the notices of sale purported to relate to and deal with an execution issued out of the district court in and for the county of Maui, on July 20, 1911, whereas, the execution was issued by the district magistrate of Wailuku on June 20, 1911.

Section 1818, R. L., provides that "The officer shall, after levy, advertise for sale the property levied upon, whether real or personal, for thirty days, or for such time as the court shall order, by posting a written or printed notice in three conspicuous places within the district where such property is situated." The magistrate in the present case ordered that the property be advertised for sale for thirty days. The property was sold, however, as will be observed, nineteen days after the notices were posted.

The defendant contends that the deputy sheriff, by not pursuing the directions of the writ of execution and by his "gross carelessness in his notices of intended sale," caused a sacrifice of the property, and that the sale was void. It does not necessarily follow, however, that a sale of property made under a writ of execution, upon defective or insufficient notice, shall be void. This is a question to be considered in each case as it arises and determined according to the facts involved. The defendant in this case, however, fails to disclose upon what theory he expected to have this question of the validity of the sale adjudicated without having made the purchasers parties. 2 Freeman on Executions, §306. Be this as it may the defendant is silent as to any possible excuse or explanation which might have been offered tending to show why the matter of the defective notices was not seasonably brought to the attention of the district magistrate, or to the notice of the officer execut-

ing the writ, such, for instance, as illness, unavoidable absence, or being otherwise unable to attend to his affairs; nor does he claim fraud, or mistake, or that he was misled in any way, or that the sale was not fairly conducted. He did not bring to the attention of the district magistrate any fact, nor does the record before us disclose any fact, tending to show that he did not see or have knowledge of, or have the opportunity of seeing the notices, or knowing of them, before the sale. In the absence of some showing to the contrary we are bound to assume that he at least had the opportunity of knowing of the form and purport of the notices of sale, and that he chose to take chances on the sale resulting favorably to him. He should not now be heard to complain, particularly in view of the fact that his only complaint seems to be that of inadequacy of the price obtained for the property. His objection was too late. He should not have waited until after the property was sold. We think he had it in his power to have prevented the sale. 2 Freeman, supra, §286. By his acts, or rather by his failure to act, he estopped himself from attacking the validity of the sale. 17 Cyc. 1269.

"An objection to the form of a notice can only be made by the defendant, and cannot be successfully urged by him, unless he proceeds to take advantage of it without any unnecessary delay. The notice of the sale, being for the benefit of the defendant, may be waived by him. * * * No doubt the proper method, in nearly all the States, of taking advantage of an insufficient notice, or of the absence of all notice, is by some motion or proceeding to prevent or vacate the sale." 2 Freeman, supra, §286; *Munger* v. *Fletcher,* 2 Vt. 524, 528; *Burroughs* v. *Wright,* 16 Vt. 619, 625.

Having reached the conclusion that none of the objections urged by the defendant against the validity of the sale are tenable, it will not be necessary to decide whether the district magistrate has power to vacate an execution sale on motion, or at all, or whether the vacation of such sale must be sought

by bill in equity only. Whatever the powers of the magistrate may or may not be in this regard, his ruling in denying the defendant's motion to vacate and set aside the sale was correct. The sale, for the reasons stated in this opinion, was valid and binding on the defendant.

The decision of the district magistrate in overruling the defendant's motion to vacate and set aside the sheriff's sale is affirmed.

*E. Murphy* (*Lorrin Andrews* with him on the brief) for plaintiff.

*H. G. Spencer* for defendant.